IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JONATHAN ROBERTSON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 3:11-CV-02947-BF** |
| **v.** | § | |
| | § | |
| **PATRICK DONAHOE, Postmaster General** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION AND ORDER**

This is a consent case before the United States Magistrate Judge Paul D. Stickney. Jonathan Robertson ("Plaintiff") brings this action for forty five days of Continuation of Pay ("COP") under the Federal Employees' Compensation Act ("FECA"). 5 U.S.C. § 8101 *et seq*. On April 19, 2010, Patrick Donahoe, Postmaster General, ("Defendant") filed a Motion to Dismiss for Lack of Jurisdiction ("Motion to Dismiss," Doc. 19) pursuant to FED. R. CIV. P. 12(b)(1). Plaintiff failed to file a response and the time to do so has expired. Based on the following reasons, the Court ORDERS that Defendant's Motion to Dismiss be **GRANTED**.

**Background**

Plaintiff was employed by the United States Postal Service ("USPS") in September 1998. Pl. Orig. Compl., Doc. 2. at 2. In 2004 Plaintiff reported an injury on the job. *Id.* Plaintiff received surgery for this injury on June 10, 2009. Def. Mot. to Dismiss, Ex. 1 at 1 (Copy of Office of Workers' Compensation Programs decision). On June 29, 2009, Plaintiff filed for total wage loss benefits[1] from August 8, 2008 to May 31, 2009 under the FECA. Def. Mot. to Dismiss, Ex. 1 at 1.

[1]Wage loss benefits are those benefits paid to employees who lose wages due to a traumatic injury. 5 U.S.C. § 8118(a).

On August 18, 2009, the claim was denied based on insufficient medical evidence. Def. Mot. to Dismiss, Ex. 1 at 1. On December 1, 2009, however, the Office of Workers' Compensation Programs ("OWCP") reversed the denial and granted Plaintiff the wage loss benefits he had claimed for the period of August 8, 2008 to May 31, 2009. Def. Mot. to Dismiss, Ex. 1 at 3. Notably, the OWCP's decision does not contain any record of Plaintiff seeking COP for any period before August 7, 2008.[2] *Id.*

In his Amended Complaint, Plaintiff alleges the OWCP improperly failed to consider giving him forty five days of COP for the period of June 9, 2008 to August 7, 2008. He further asserts the USPS breached the FECA agreement by not paying him that COP. Pl. Am. Compl. ¶¶ 1-2. Plaintiff makes these claims against the USPS because the COP sought would be paid by his employer, the USPS, not the OWCP that made the decision. Pl. Am. Compl. ¶ 1.

**Standard of Review**

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). A case should only be dismissed for want of subject matter jurisdiction if the plaintiff cannot prove any of the facts supporting his claim which would entitle him to relief. *Id.* (citing *Benton v. United States,* 960 F.2d 19, 21 (5th Cir. 1992).

In ruling on a motion to dismiss pursuant to Rule 12(b)(1), the court may consider: "(1) the complaint

[2]COP is a benefit provided for in the FECA to compensate government employees for up to forty five days of disability. 5 U.S.C. § 8118. COP is not, however, considered compensation as defined in 5 U.S.C. 8101(12). 5 U.S.C. § 8118(e).

alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). Documents outside of the record may be considered if those documents were public court filings entitled to judicial notice. *Judy Chou Chiung-Yu Wang v. Prudential Ins. Co. of America*, 439 F. App'x. 359, 363 (5th Cir. 2011). These facts and documents are used to determine if the recovery being sought is within the Court's jurisdiction under federal law or the Constitution. *Nowak,* 81 F.3d at 1189. Here, Plaintiff alleges a federal cause of action under the FECA as well as a breach of his FECA agreement. Pl. Am. Compl. In his Motion to Dismiss, Defendant argues that Plaintiff has not alleged a valid cause of action under the FECA and thus the Court lacks subject matter jurisdiction. Def. Mot. to Dismiss.

## Analysis

In Plaintiff's Amended Complaint, he claims he is entitled to forty five days of COP for the period of June 9, 2008 to August 7, 2008. Pl. Am. Compl. He also alleges the USPS's failure to pay this COP constitutes a breach of his FECA agreement for benefits. *Id.* Finally, Plaintiff attempts to justify filing to this Court by stating that the Court "*has* absolute subject matter jurisdiction to review DOL [Department of Labor] when they are needed to enforce the law. Even though COP is under FECA, 5 USC § 8118, the District Court can enforce the employing agency." Pl. Am. Compl. at 1.

### Plaintiff's FECA Claim

Under the FECA, the OWCP's compensation decision is "final and conclusive for all purposes and with respect to all questions of law and fact; and not subject to review by another official of the United States or by a court by mandamus or otherwise." 5 U.S.C. § 8128(b). This immunity from judicial review is justified by "an implicit bargain: employees are granted surer and more immediate relief

in return for foregoing more expensive awards outside the system." *Gill v. United States*, 641 F.2d 195, 197 (5th Cir. Unit A Feb. 1981). Additionally, 5 U.S.C. § 8116(b) intends to protect the government from suit under other statutes such as the Federal Tort Claims Act. *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 193-94 (1983). As such, the FECA does not waive sovereign immunity: the FECA is the exclusive remedy against the United States for injuries that fall within its coverage. 5 U.S.C. § 8116(b); *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 193-94 (1983). In fact, the Fifth Circuit has held that district courts may not entertain suits if there is even a "substantial question" whether the plaintiff's claim is covered by the FECA. *See Gill*, 641 F.2d at 197.

Here, the Court cannot review Plaintiff's FECA entitlement. Plaintiff was within coverage of the FECA because, on December 1, 2009, he sought and was granted benefits under the FECA for the time period of August 8, 2008 to May 31, 2009. Def. Mot. to Dismiss, Ex. 1 at 1, 3; Pl. Am. Compl. at 2; *see Gill*, 641 F.2d at 197 ("granting Gill FECA benefits, has determined that he is within the coverage of FECA."). Notably, COP for the period of June 9, 2008 to August 7, 2008 was not given or considered. Pl. Am. Compl. ¶ 1; Def. Mot. to Dismiss, Ex. 1 at 3. Though Plaintiff claims he was entitled to COP and COP should have been considered by the OWCP, 5 U.S.C. § 8116(c) precludes judicial review of the OWCP's compensation decision. *See Lockheed Aircraft Corp.*, 460 U.S. at 193-94. As such, the Court has no subject matter jurisdiction over Plaintiff's FECA claim.

**Plaintiff's Breach of Contract Claim**

Plaintiff also claims a breach of contract against the USPS for failing to pay COP with his FECA benefits. Pl. Am. Br. at 2. On June 29, 2009, Plaintiff filed a timely FECA claim and was granted benefits on December 1, 2009. Def. Mot. to Dismiss, Ex. 1 at 1. Plaintiff did not, however, file a timely

claim for COP.[3] Def. Mot. to Dismiss at 5, Ex. 1 at 3. As such, the OWCP neither considered nor granted Plaintiff COP. *Id.* Further, Plaintiff fails to show any contractual obligation that the USPS breached by not paying him COP. *Compare* Pl. Am. Compl., 2 (claiming COP for the period prior to August 8, 2008), *with* Def. Mot. to Dismiss, Ex. 1 at 1 (granting benefits only after August 8, 2008). Instead, Plaintiff appears to be asserting that he is entitled to COP and the Court should make the USPS pay him. Pl. Am. Compl. According to 20 C.F.R. § 10.200(b), however, the "OWCP has the exclusive authority to determine questions of entitlement and all other issues relating to COP." Thus, Plaintiff is claiming benefits over which this Court has no jurisdiction. *See* 20 C.F.R. § 10.200(b).

In sum, the Court lacks subject matter jurisdiction and cannot determine whether Plaintiff was entitled to COP or any other issues relating to COP.

**Plaintiff's Alternative Remedies**

Plaintiff was not without remedies. Plaintiff could have sought reconsideration of the OWCP's decision from the Secretary of Labor pursuant to 5 U.S.C. § 8116(a). Title 20 of the C.F.R. § 10.606 describes how to request the reconsideration offered by 20 C.F.R. § 10.605. Although the time limit set by 20 C.F.R. § 10.607 has expired, § 10.607(b) allows untimely applications for reconsideration where there is clear evidence of error in the OWCP's decision. Alternatively, Plaintiff could have appealed to the Employees' Compensation Appeals Board pursuant to 20 C.F.R. § 501.3. *See* 20 C.F.R. § 501.2(c) ("The Board has jurisdiction to consider and decide appeals from final decisions of OWCP in any case arising under the FECA."). Nevertheless, no remedy is available in this Court. *See* 5 U.S.C. § 8128(b).

---

[3]Under 5 U.S.C. § 8118(a), COP must be claimed within three years of the injury or notice of the injury must be given within thirty days of the injury. 5 U.S.C. § 8122(a). Plaintiff claims his injury was reported in 2004. Pl. Orig. Compl., Doc. 2. at 2. However, his FECA claim was not filed until June 29, 2009 and did not seek COP. Def. Mot. to Dismiss, Ex. 1 at 1.

The Court does not have the jurisdiction to review the OWCP's FECA determination or to consider any issue related to COP. Accordingly, Defendant's Motion to Dismiss is granted.

**Conclusion**

After due consideration, the Court concludes that this Court lacks jurisdiction to proceed in this case. Defendants' Motion to Dismiss is **GRANTED**. Plaintiff's Amended Complaint is **DISMISSED** with prejudice.

SO ORDERED, ~~June~~ July 2, 2012.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE